IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARSHIP ENTERPRISES OF ATLANTA, INC., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v.   : | 1:05-CV-0238-JOF |
| : | |
| FULTON COUNTY, et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion to compel discovery [24], Plaintiff's second motion for preliminary injunction [31], Plaintiff's second motion for leave to file excess pages [33], Defendant Sandy Springs' motion to dismiss and amended motion to dismiss [41, 90], Defendant Sandy Springs' motion for leave to file excess pages [42], and the Fulton County Defendants' motion to dismiss [89].[1]

**I.   Background**

    **A.   Procedural History**

On January 1, 2005, Plaintiff Starship Enterprises of Atlanta, Inc., filed suit against Defendant Fulton County and Defendants Karen C. Handel, Lynne Riley, Emma I. Darnell,

---

[1] For good cause shown, the court GRANTS both Plaintiff's and Defendant Sandy Springs' motion for leave to file excess pages.

William Edwards, Robb Pitts, Nancy A Boxill, Tom Lowe and Steven Cover (hereinafter "the Individual Defendants"). Plaintiff's complaint sought to set forth causes of action for unconstitutional prior restraint, substantive due process, and unconstitutional taking and sought declaratory relief, preliminary and permanent injunctions, and damages. On July 12, 2005, Plaintiff filed a motion for preliminary injunction.

Discovery between Plaintiff and Defendant Fulton County ended on September 29, 2005. On December 19, 2005, this court held a hearing concerning Plaintiff's motion for a preliminary injunction. At that hearing, the court became aware that Plaintiff was now located in the newly-incorporated city of Sandy Springs. The court granted a continuance as to the preliminary injunction arguments. The next day Plaintiff filed a motion to amend its complaint to add Sandy Springs as a Defendant. On January 20, 2006, Plaintiff filed a motion to compel discovery. On January 30, this court issued an order granting Plaintiff's motion to add the City of Sandy Springs as an additional defendant. Further, as the subject of the action, Plaintiff's establishment, was now in the City of Sandy Springs, the court denied as moot Plaintiff's motion for preliminary injunction directed against Fulton County and the Individual Defendants. The court noted that Plaintiff could file a new motion for preliminary injunction as to the City of Sandy Springs.

Plaintiff filed a First Amended Complaint on February 20, 2006, contending that Defendant Sandy Springs' use-permitting scheme constitutes an unconstitutional prior restraint on free speech, unconstitutionally infringes on customers' substantive due process

2

rights, is unconstitutionally vague, is void on its face for overbreadth, and provides insufficient alternative avenues of communication. Plaintiff filed a second motion for preliminary injunction against Defendant Sandy Springs on February 24. On May 22, Defendant Sandy Springs filed a motion to dismiss. On May 23, this court held a hearing on Plaintiff's motion for preliminary injunction. At the hearing the court, in an effort to clarify the proceedings, instructed Plaintiff to file an additional brief so that the county and city would have adequate notice as to the grounds for which the preliminary injunction is being sought. At that time Plaintiff stated that the only issue it would pursue at this time was that it should have been "grandfathered" in by Sandy Springs but for the unconstitutional actions of Fulton County previously. On June 12, Defendant Sandy Springs filed an amended motion to dismiss, and Defendant Fulton County and the Individual Defendants filed a motion to dismiss. The court held hearings regarding Plaintiff's motion for preliminary injunction on May 23 and June 27.

**B.   Facts**

On March 24, 2004, Plaintiff submitted to Defendant Fulton County an application to operate a retail store with less than twenty-five percent of the stock in the trade devoted to "adult" materials. The same day Defendant Fulton County issued Plaintiff a temporary Business Tax Certificate. By June 2004, Plaintiff had completed its build-out, stocked the store, and was prepared to open. On June 2, Plaintiff received a second temporary license subsequent to which Defendant Fulton County issued Plaintiff a permanent 2004 license.

During the first week of June 2004, officials of Defendant Fulton County determined that they would not issue a certificate of occupancy to Plaintiff until Plaintiff provided the county with drawings showing the entire electrical system of the building. On June 9, 2004, architects visited the building and prepared a comprehensive drawing of the electrical system and shortly thereafter submitted their drawings to the county.

Later that year, on September 28, Fulton County code enforcement personnel performed an inspection of Plaintiff's location along with Plaintiff's counsel and others. Plaintiff informed Fulton County officials that if they disagreed with the percentage of material considered to be designated as "adult," Plaintiff would adjust its inventory. On October 25, Plaintiff received a letter dated September 29 from Steven Cover, Director of Fulton County Department of Environment and Community Development, stating it was Cover's "opinion that the establishment at [the location] is an adult bookstore." Included with the letter was a packet to apply for a special use permit. Further, the letter advised Plaintiff that Plaintiff could appeal this decision to the Board of Zoning Appeals under Article 22 of the Fulton County Zoning Resolution.

On December 1, 2005, Defendant Sandy Springs incorporated, and as part of the incorporation Sandy Springs adopted Fulton County Ordinances. On December 27, Sandy Springs adopted a new set of zoning ordinances. On February 23, 2006, Plaintiff presented an incomplete application for an adult entertainment license to Sandy Springs. On March 28,

Defendant Sandy Springs informed Plaintiff that its application was incomplete. Nothing in the record suggests that Plaintiff has presented a completed application.

**II.     Discussion**

    **A.     Motion to Compel**

Discovery between Plaintiff and Defendant Fulton County ended on September 29, 2005. Almost four months later, on January 20, 2006, Plaintiff filed a motion to compel.

Federal Rules 33 and 34 provide that the discovering party may file a Rule 37 motion to compel disclosure or discovery if dissatisfied with a party's response. Fed. R. Civ. P. 33(b), 34(b). As to such motions to compel, the Local Rules require that such a motion be filed within the time remaining in the discovery period or, if longer, within ten days after service of the discovery response. L.R. 37.1(B), N.D. Ga. Because Plaintiff did not file its motion to compel before the close of discovery or within ten days of a discovery response, the court finds Plaintiff's motion to compel is untimely.

Further, the court finds that Plaintiff's motion to compel does not adhere to the proper form required of motions to compel. The Local Rules of this court set forth the manner in which motions to compel are to be presented to the court. Specifically, Local Rule 37.1 requires that a motion to compel, among other things: quote verbatim the interrogatory or production request objected to, state the specific objection raised by the non-complying party, state the grounds assigned for the objection, and cite authority and include a discussion supporting the motion. *See* LR 37.1A(1)-(5), N.D. Ga. Additionally, "[t]he motion shall be

5

arranged so that the objection, grounds, authority, and supporting reasons follow the verbatim statement of each specific [discovery request] to which an objection is raised." LR 37.1A, N.D. Ga. Plaintiff's motion fails to meet these requirements. As Plaintiff's motion to compel is both untimely and not in the proper form, the court DENIES Plaintiff's motion to compel.

### B. Defendant Sandy Springs' and Defendant Fulton County's Motions to Dismiss [2]

Both Defendant Sandy Springs and Defendant Fulton County have filed motions to dismiss contending that this court should dismiss Plaintiff's complaint as its claims are not ripe. As ripeness is an issue of subject-matter jurisdiction, the court will address the motions to dismiss before addressing Plaintiff's motion for a preliminary injunction. *Beaulieu v. City of Alabaster*, 454 F.3d 1219 (11th Cir. 2006).

From the Plaintiff's contentions and briefings, the court discerns four arguments raised by Plaintiff which it contends entitle it to relief. First, Plaintiff contends that Mr. Cover erred

---

[2] The court concludes that Fulton County's motion to dismiss is untimely insofar as it argues that the complaint is due to be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and was filed subsequent to Defendant Fulton County's amended answer. Rule 12(b) provides that the seven defenses it enumerates must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) before interposing a responsive pleading if one is due. *Skrtich v. Thornton,* 280 F.3d 1295, 1306 (11th Cir.2002). Nonetheless, as Defendant raised a challenge to the ripeness of the matter in its amended answer and as the ripeness of a case is an issue of subject matter jurisdiction, the court will address the ripeness of Plaintiff's complaint against Defendant Fulton County. *Beaulieu v. City of Alabaster*, 454 F.3d 1219 (11th Cir. 2006).

in finding that Plaintiff's store had more than twenty-five percent adult material and needed a special use permit. Second, Plaintiff challenges Defendant Fulton County's adult use permitting scheme. Third, Plaintiff contends that it should have been grandfathered into Defendant Sandy Springs as a non-conforming use. Fourth, Plaintiff challenges Defendant Sandy Springs' adult use permitting scheme.

Article III of the Constitution limits the jurisdiction of the federal courts to actual cases or controversies and requires the courts to consider whether a plaintiff's claims are ripe. U.S. Const. Art. III, § 2, cl. 1; *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808, 123 S. Ct. 2026, 2030 (2003) ("The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ."). Further, the ripeness doctrine keeps federal courts from deciding cases prematurely. *Digital Props. Inc. v. City of Plantation,* 121 F.3d 586, 589 (11th Cir. 1997). Ripeness "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Id.* "Courts must resolve . . . whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Id.* (internal quotation marks omitted).

To determine whether a claim is ripe courts consider: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration. *Id.* In applying the fitness and hardship prongs, we must consider the following factors: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial

AO 72A
(Rev.8/82)

intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726, 733, (1998); *see also Ala. Power Co. v. Fed. Energy Regulatory Comm'n,* 685 F.2d 1311, 1315 (11th Cir.1982) (listing four similar factors).

Because this case involves an alleged violation of the First Amendment, review of a suit's ripeness is at its most permissive. *Beaulieu*, 454 F.3d at 1228 ("[t]he broader the First Amendment right and, therefore the more likely it is that a governmental act will impinge on the [F]irst [A]mendment, the more likely it is that the courts will find a justiciable case when confronted with a challenge to the governmental act."). However, the court also noted in *Beaulieu* that speech of a sexually explicit nature is not as protected as core political speech. *Id.* at 1228-29 (quoting *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 422 ("Our First Amendment decisions have created a rough hierarchy in the constitutional protection of speech. Core political speech occupies the highest, most protected position; commercial speech and nonobscene, sexually explicit speech are regarded as a sort of second-class expression.") (Stevens, J., joined by White and Blackmun, JJ., concurring in the judgment).

This case is factually similar in some respects to *Digital Props. Inc. v. City of Plantation*, 121 F.3d 586 (11th Cir. 1997). In *Digital Properties*, the plaintiff had plans to open an adult book and video store in Plantation, Florida, and entered into a contract to purchase a building. *Digital Props.,* 121 F.3d at 587-88. The City's master list of business

8

uses did not expressly indicate whether adult book or video stores were permitted or prohibited in the zoning district in which the building was located. *Id.* at 588. In an effort to obtain a building permit, the plaintiff's agents went to city hall to file remodeling plans. *Id.* They spoke with the assistant zoning technician and informed her of the plaintiff's plan to change the use of the building from a restaurant to an adult store. *Id.* The technician told them that the City did not allow such a use or that the City's Code did not expressly permit such a use in that zoning district and advised them to speak with the director of building and zoning; they left without doing so. *Id.* at 588-89.

The Eleventh Circuit stated that even assuming that the "zoning scheme could potentially hamper Digital's First Amendment rights," there was no subject matter jurisdiction to decide whether it did because Digital "did not pursue its claim with the requisite diligence to show that a mature case or controversy exists." *Id.* at 590. The circuit noted that Digital's agents spoke only with one non-supervisory employee before concluding that the ordinance would prevent it from carrying out its plans for the building. *Id.* The circuit found that "[a]t a minimum, Digital had the obligation to obtain a conclusive response from someone with the knowledge and authority to speak for the City regarding the application of the zoning scheme to Digital's proposal." *Id.* "Without the presentation of a binding conclusive administrative decision, no tangible controversy exists and, thus, we have no authority to act." *Id.* The court went on to dismiss any facial challenges to the constitutionality of the code as a matter of judicial restraint. *Id.* at n. 4.

The Eleventh Circuit in *Ward v. County of Orange*, 217 F3d 1350 (11th Cir. 2000), addressed the ripeness of as-applied challenges in another factually similar situation to the case at bar. Specifically, the court found that a plaintiff who claimed that it was not an adult entertainment establishment as defined in the code was not required to apply for a license in order for its claim to be ripe. But the court found that if a procedure existed for obtaining from the zoning board a determination of whether a license was needed, the plaintiff's claim was not ripe if he had not sought such a determination. In *National Advertising Co. v. City of Miami*, the Eleventh Circuit applying *Digital Properties* found that a plaintiff's claim was not ripe because the plaintiff "never properly pursued its claim through the administrative process that the City's zoning ordinance made available" and thus "failed to obtain a final denial of its application." 402 F.3d 1335, 1339-40 (11th Cir. 2005).

Here, with regard to Mr. Cover's letter , according to *Digital Properties Ward* , and *National Advertising*, this matter is not ripe for adjudication insofar as it challenges the constitutionality of Mr. Cover's actions.

As in *Ward*, Plaintiff contends that it was improperly labeled as an adult bookstore requiring an adult use permit. Further, with respect to Fulton County, Plaintiff herein, like the plaintiff in *Digital Properties*, did not "obtain[] a conclusive response from someone with knowledge and authority to speak for the City regarding the application of the zoning scheme," when it received Steven Cover's letter informing Plaintiff that it was required to obtain a special use permit. Plaintiff did not obtain a conclusive response for  the letter advising

10

Plaintiff that should Plaintiff disagree with Mr. Cover's findings, Plaintiff could appeal this decision to the Board of Zoning Appeals under Article 22 of the Fulton County Zoning Resolution. Plaintiff chose not to do so.

Therefore, considering the first prong of a ripeness analysis, the fitness of the issues for judicial decision, the court finds that Plaintiff, like the plaintiff in *Digital Properties*, has not taken proper steps to bring a ripe claim. Further, unlike the plaintiff in *Beaulieu*, the court finds that two of the factors in the hardship prong are in favor of the court withholding its judgment. First, judicial intervention would inappropriately interfere with administrative action, specifically Fulton County's procedure for appeals to the Board of Zoning Appeals. Also, the court would have benefitted from further factual development of the issues presented which it would receive had Plaintiff appealed Mr. Cover's decision.

For the aforementioned reasons, the court GRANTS Defendant's motion to dismiss WITH PREJUDICE for lack of ripeness with regard to Plaintiff's challenges regarding Defendant Cover's characterization of Plaintiff.

With regard to Plaintiff's challenges of Defendant Fulton County's adult use permitting scheme and Defendant Sandy Springs' code, the situation is analogous to *Digital Properties*. Plaintiff never took action and sought an adult use permit from Defendant Fulton County. Therefore, like the plaintiff in *Digital Properties*, Plaintiff never obtained a "conclusive administrative decision," applying Defendant Fulton County's adult use permitting scheme. Thus, to the extent that Plaintiff is challenging the terms of the adult use permitting scheme,

this case is not ripe for adjudication. For the following reasons, the court GRANTS Defendant's motion to dismiss WITH PREJUDICE for lack of ripeness with regard to Plaintiff's challenges regarding Defendant Fulton County's adult use permitting scheme.

With regard to Plaintiff's argument that it should have been grandfathered into Defendant Sandy Springs as prior non-conforming use, there is no evidence before the court that Plaintiff specifically asked the Defendant Sandy Springs for such action. As Plaintiff has failed to "obtain[] a conclusive response from someone with knowledge and authority to speak for the City regarding the application of the zoning scheme," regarding whether it would be grandfathered into Defendant Sandy Springs, such an issue is not ripe for adjudication by this court. As such, the Court GRANTS Defendant Sandy Springs' motion to Dismiss WITH PREJUDICE with regard to Plaintiff's grandfathering argument.

Moreover, Plaintiff has also not sought or obtained a conclusive response from someone with the knowledge and authority to speak for the Defendant Sandy Springs regarding the application of the zoning scheme to its proposal. Unlike its argument against Defendant Fulton County, Plaintiff does not contend that it would not need an adult use permit in Sandy Springs. Rather, it contends that the Sandy Springs' ordinances are unconstitutional. Plaintiff has not filed a completed application for a special use permit with Defendant Sandy Springs. Therefore, Plaintiff's arguments based on Defendant Sandy Springs' actions pursuant to its ordinance cannot yet be characterized as a ripe controversy. The court recognizes that delaying consideration of Plaintiff's challenge to the Sandy Springs' ordinance might cause

12

Plaintiff some financial hardships as it will not be able to open its establishment for business, but the court concludes that to interfere at this stage would unnecessarily interfere with Defendant Sandy Springs' ability and right to conduct administrative actions within its jurisdiction. As Defendant Sandy Springs has not been offered the opportunity to apply their code to Plaintiff, it is premature for this court to intervene.

As a matter of judicial restraint, this court, like the *Digital Properties* court, also dismisses Plaintiff's facial challenges to Defendant Fulton County's adult use permitting scheme and Defendant Sandy Springs' code as unripe for adjudication. For all of the foregoing reasons, the court GRANTS Defendant Fulton County's motion to dismiss WITH PREJUDICE and GRANTS Defendant Sandy Springs' motion to dismiss WITHOUT PREJUDICE. As the court has granted both Defendants' motions to dismiss, the court DENIES-AS-MOOT Plaintiff's motion for preliminary injunction.

### III.  Conclusion

The court DENIES Plaintiff's motion to compel discovery [24], DENIES-AS MOOT Plaintiff's second motion for preliminary injunction [31, 45], GRANTS Plaintiff's second motion for leave to file excess pages [33], GRANTS Defendant Sandy Springs' motion to dismiss and amended motion to dismiss WITHOUT PREJUDICE [41, 90], GRANTS Defendant Sandy Springs' motion for leave to file excess pages [42], and GRANTS Defendant Fulton County's motion to dismiss WITH PREJUDICE [89].

**IT IS SO ORDERED** this 15th day of September 2006.

                                         <u>      s/ J. Owen Forrester         </u>
                                         J. OWEN FORRESTER
                           SENIOR UNITED STATES DISTRICT JUDGE